[No. 14719.  Department One.  June 27, 1918.]

WEST & WHEELER, *Respondent,* v. DIEDRICH DIERSSEN, *Appellant.*[1]

BROKERS — ACTIONS FOR COMMISSIONS — EVIDENCE — SUFFICIENCY. In an action for a commission, by a broker who procured a lender, able and willing to make the loan, it was not necessary to show termination of a timber cruise which the borrower had started to satisfy the lender, who accepted in advance of the cruise.

Appeal from a judgment of the superior court for King county, Pemberton, J., entered December 14, 1917, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

*E. H. Guie,* for appellant.

*Byers & Byers,* for respondent.

MITCHELL, J.—Diedrich Dierssen, appellant, engaged respondent to procure for him a loan on his timbered land at a commission agreed on, appellant agreeing to pay the expenses of a cruise mainly to ascertain if there had been any fire or trespass since a former reliable cruise of the timber. He was in a hurry to get the loan, and having in mind other prospective lenders, reserved the right to borrow from another, in which event there should be no liability to respondent other than whatever expense might have been incurred on account of a cruise, provided he notified respondent of

[1]Reported in 173 Pac. 739.

having made other arrangements before respondent had procured a lender. Respondent rather promptly procured a lender who was ready, able and willing to lend the money and who had actually been on the land. Appellant was so notified and, on request, delivered abstracts of title to respondent, who promptly delivered them to the lender. About this time, but subsequent to the delivery of the abstracts, appellant called off the cruiser, having procured a loan from another. Appellant refused to pay any commission; hence this suit, tried without the help of a jury, resulting in findings and judgment in favor of respondent for the commission and $30, cost and expenses of a cruiser.

Appellant admitted in his answer the $30 liability for expenses of the cruiser, and brought that much money into court. There is a dispute as to whether a lender who was able, ready and willing was procured, but we are satisfied the proof is with the respondent, and see no useful purpose in discussing the evidence in this respect.

Another contention, included in the general one just referred to, is that, as the cruise had not been finished, it cannot be said the lender was ready and willing, because there was a way open for him to withdraw. It will be observed that this is not a case in which the deal is to be deferred at the demand or request of the lender until the completion of a cruise he insists on, but rather one in which the lender accepts after going on the land and during the progress of the cruise, which was a part of the proposition of, and at the expense of, the borrower. Again, appellant claims he notified respondent of his making the other deal before respondent had completed its services; but the answer to this is that the abstracts were returned to appellant by the prospective lender that respondent had procured.

Essentially, this cause presents mostly matters of fact, and the proof shows they preponderate in favor of the judgment, which is hereby affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PARKER, JJ., concur.